**IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

**CORECIVIC, INC.**

*Plaintiff-Appellee,*

v.

**GOVERNOR OF NEW JERSEY, *et al.*,**

*Defendants-Appellants*

On Appeal from the United States District Court
for the District of New Jersey
(No. 3:23-CV-00967, Judge Robert Kirsch)

**MOTION OF 28 COMMUNITY ORGANIZATIONS FOR LEAVE TO FILE AN *AMICI CURIAE* BRIEF IN SUPPORT OF APPELLANTS, URGING REVERSAL**

Pursuant to Fed. R. App. P. 29(a), the American Civil Liberties Union of New Jersey ("ACLU-NJ") and 27 other organizations that represent, advocate for, or provide services to immigrant communities in New Jersey respectfully request leave to file a brief as *amici curiae* in support of Defendants-Appellants and reversal of the District Court's judgment declaring AB 5207 unconstitutional as it applies to Appellee's operation of the Elizabeth Detention Center, and request that the proposed brief accompanying this motion be filed. Counsel for Appellants have

consented to the filing of the proposed brief. Pursuant to an email dated January 2, 2024, counsel for Appellee took no position.

Movants are advocacy and service organizations that, as a result of representing, providing services to, or seeking policy change on behalf of immigrants and others across New Jersey, have developed special expertise in the experiences of the state's immigrant communities. Proposed *amici curiae* are 28 organizations that represent or advocate on behalf of a wide range of New Jersey communities, including immigrants, religious communities, law enforcement professionals, people with disabilities, parents, youth, workers, people living in poverty, individuals identifying as LGBTQ+, and people who are currently or formerly detained. The addendum to this brief describes each of *amici*'s work and their individual interests in the issues presented in this case. *Amici* are united in their strong belief that AB 5207 is a lawful policy that benefits all New Jerseyans.

For over 60 years, the American Civil Liberties Union of New Jersey has defended liberty and justice guided by the vision of a fair and equitable New Jersey for all. Our mission is to preserve, advance, and extend the individual rights and liberties guaranteed to every New Jerseyan by the State and Federal Constitutions in courts, in legislative bodies, and in our communities.

The ACLU-NJ has appeared as *amicus* in several cases addressing immigrants' rights and immigration detention, including in the Third Circuit. *See,*

*e.g.*, *Ocean Cty. Bd. of Comm'rs v. Atty. Gen. of N.J.*, 8 F.4th 176 (3d Cir. 2021) (holding that New Jersey's Immigrant Trust Directive was not preempted by federal law); *German Santos v. Warden*, 965 F.3d 203 (3d Cir. 2020) (addressing due process protections for immigrants detained longer than six months); *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) (same). The ACLU-NJ has also appeared as counsel for parties in Third Circuit cases relating to immigrants' rights, including *Gayle v. Warden Monmouth Cty. Corr. Inst.*, No. 19-3241 (3d Cir. filed Oct. 3, 2019) (class action addressing standards and procedure for challenging application of mandatory immigration detention statute), and *Doe v. Sec'y, U.S. Dep't Homeland Sec.*, No. 17-1578 (3d Cir. Mar. 15, 2017) (emergency stay of removal for Afghan Special Immigrant Visa holder).

Founded in 1960 and based in Newark, the ACLU-NJ is a non-partisan organization that operates on several fronts – legal, political, cultural – to bring about systemic change and build a more equitable society. The ACLU-NJ has over 30,000 members and hundreds of thousands of additional supporters in New Jersey. The ACLU-NJ is the state affiliate of the American Civil Liberties Union (ACLU), which was founded in 1920 for identical purposes, and is composed of more than 1,200,000 members nationwide.

The movants have a special interest in the present case. In light of the experiences of their members and clients, and their work serving or advocating for

diverse communities across New Jersey, *amici* have gained deep collective understanding of the negative impact of detention on immigrant communities in New Jersey and the broader public. The Court's decision in the present case will have serious consequences for *amici*'s members, clients, and communities. As discussed in the attached brief, immigration detention poses serious health and safety risks to people in custody and to the communities surrounding detention centers. The outcome of the present case will determine how *amici* and their members, clients, and communities navigate, mitigate, and deploy their resources to address the myriad health and safety risks that the state's immigrant populations experience on a day-to-day basis. Accordingly, *amici* have a strong interest in the present case.

The position of *amici* is not completely represented by the parties. *Amici* have witnessed first-hand the harm arising out of immigration detention. Whereas the Attorney General can present the perspective of state policymakers and law enforcement, *amici* can address how immigration detention facilities in the Garden State have negatively impacted their communities in greater depth and breadth than any of the parties to the case. *See, e.g.*, *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) ("Even when a party is very well represented, an *amicus* may provide important assistance to the court."). In preparing the proposed brief, *amici* have reviewed the arguments raised in the filings of the parties, and have sought to address the issues raised on appeal without making redundant arguments.

Lastly, the information presented by *amici* is useful to the Court and timely. *Amici* articulate how immigration detention has long threatened the well-being of New Jersey's immigrant communities. Some of the *amici* have an understanding of these harms because they provide direct support to noncitizens who are currently or formerly detained and who require services to address the physical, emotional, and mental harm caused by their detention. *Amici* also address how the State of New Jersey has a history of regulating conditions within detention facilities that is grounded in the state's traditional police power over protecting the public health; some of the *amici* have lobbied for and supported implementation of these state regulations.

**CONCLUSION**

The ACLU-NJ and the 27 other organizations joining as *amici* present substantial special interest and expertise. Because the participation of the movants will assist the Court in the resolution of significant issues of public importance implicated by this case, *amici* respectfully request that the proposed brief that accompanies this motion be filed.

Respectfully submitted,

*/s/ Jeanne LoCicero*
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
American Civil Liberties Union
    of New Jersey Foundation
P.O. Box 32159
Newark, NJ 07102
(973) 854-1715
jlocicero@aclu-nj.org

Lawrence S. Lustberg
Julia Bradley
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
llustberg@gibbonslaw.com

*Attorneys for* Amici Curiae

January 10, 2024